UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JAMES FREEMAN TENNISON,

        Plaintiff,

  vs.

JOE MINIX, et al.,

        Defendants.

No. C 11-1718 (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The complaint involves events that occurred when plaintiff was housed at the Alameda County Jail.

      Plaintiff's original complaint was on the court's form for prisoner section 1983 complaints, but it contains no statement of his claim, just a reference to his other filing, a lengthy handwritten complaint not on the form.  Although plaintiff gives his real name in the first sentence of the handwritten complaint, and lists it in the name-and-address portion of the form complaint, he has listed the plaintiff in the caption of both documents as "John Doe."  He says he has done this out of fear of retaliation if he uses his real name.  It serves no useful purpose to use John Doe in the caption when plaintiff's real name is easily found on the first page of the public documents – documents, moreover, that will be served on defendants if the case is allowed to proceed -- and plaintiff is no longer at the Alameda County Jail, where retaliation might plausibly be feared.  The court therefore has used his real name in the caption.

///

///

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  However, complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard.  *Hebbe v. Miller*, 602 F.3d 12020, 1205 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff contends that the only defendant who is identified by name, inmate Joe Minix, his cellmate, attempted to poison him by putting some unknown substance on his head while he slept. Plaintiff has provided no facts that even suggest that Minix was acting under color of state law, an element of a section 1983 claim. This claim will be dismissed with leave to amend to allege such facts, if they exist.

Plaintiff's other claims are against unnamed defendants, whom he describes by job title ("nurse," "physician," and so on). The court cannot, of course, serve a defendant who is only so identified, and even if plaintiff succeeds in amending to allege that Minix was acting under color of state law so as to allow the case against him to proceed, it is unlikely that discovery directed to Minix would reveal the names of the unidentified parties. If plaintiff is able to identify any of the other defendants, he should include their names in the amended complaint, along with an address at which they can be served.

## CONCLUSION

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed

1  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.
2  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
3  Federal Rule of Civil Procedure 41(b).
4  **IT IS SO ORDERED.**
5  Dated:  June 30, 2011.

                                              _____
                                              PHYLLIS J. HAMILTON
                                              United States District Judge

28  P:\PRO-SE\PJH\CR.11\TENNISON1718.DWLTA.wpd