UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JAMES FREEMAN TENNISON,

    Plaintiff,

v.

PRISON HEALTH SERVICES, et al.,

    Defendants.

No. C 11-1718 PJH (PR)

**ORDER OF DISMISSAL**

This is a civil rights case filed by a former prisoner at Alameda County's Santa Rita Jail. He states in the amended complaint that his administrative appeal (grievance) regarding the subject of his claims is still pending.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is required. *Porter v. Nussle*, 122 S. Ct. 983, 992 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

Nonexhaustion under § 1997e(a) is an affirmative defense – defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he or she did not exhaust administrative remedies. *Id.* If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

///

Exhaustion must be completed *before* a complaint is filed, not afterwards. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Plaintiff's concession that his administrative appeal was still pending at the time he filed the amended complaint is in effect a concession that he did not complete exhaustion before filing. The case therefore is **DISMISSED** without prejudice to filing a new case after exhausting all available administrative remedies. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 5, 2011.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\TENNISON1718.DSM.wpd